IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **JEFFREY WASHINGTON** § | |
| § | |
| **V.** § | A-06-CA-041-SS |
| § | |
| **AUSTIN POLICE DEPARTMENT,** § | |
| **CHIEF STAN KNEE, and** § | |
| **OFFICER R. CANIZALES #4918** § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint brought pursuant to 42 U.S.C. § 1983 (Document No. 1) and Defendants' Motion for Summary Judgment (Document No. 19). Plaintiff did not file a response thereto. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## I. BACKGROUND

At the time he filed his complaint, Plaintiff was an inmate incarcerated in the Travis County Correctional Complex. Plaintiff files this action pursuant to 42 U.S.C. § 1983 alleging on August 3, 2005, Austin Police Officer R. Canizales used excessive force during Plaintiff's arrest. According to Plaintiff, Officer Canizales yanked Plaintiff's arms upward by twisting and turning. Plaintiff alleges he sustained a severe injury to his thumb. Plaintiff explains the incident occurred while Officer Canizales was attempting to remove Plaintiff from the rear seat of his patrol car. However,

he also claims the incident occurred when Officer Canizales was attempting to remove Plaintiff from the curb at East 12th Street and Chicon Street, during his arrest. Plaintiff sues the Austin Police Department, Chief Stan Knee and Officer R. Canizales #4918. Plaintiff contends Chief Knee "is in opposement [sic] of Police Officer R. Canizales" and may be involved in racial profiling. He seeks $800,000.00 in punitive damages and $400,000.00 in actual damages.

    The Court ordered service upon Chief Knee and Officer Canizales. They have answered and move for summary judgment. Both argue they are entitled to qualified immunity protection. Defendants explain Plaintiff was arrested on August 3, 2005, for possession of a controlled substance. According to Defendants, he was arrested and handcuffed by Officer Canizales. Officer Canizales recalls Plaintiff mentioned he had an injured thumb prior to Plaintiff being handcuffed. Officer Canizales states he made a mental note of the injury and handcuffed Plaintiff pursuant to handcuff training, taking into account Plaintiff's statement. Officer Canizales denies twisting Plaintiff's thumb or lifting Plaintiff's arms skyward or aggressively pulling upward on Plaintiff's handcuffed hands to intentionally cause pain. According to Officer Canizales, Plaintiff never complained of pain or complained of any of the actions taken by Canizales in placing Plaintiff on the curb, handcuffing him, removing him from the curb or getting him out of the police car. Officer Canizales asserts no Use of Force Report, which documents use of force when a suspect complains of pain, was ever filled out in Plaintiff's case, because no complaint was ever made. Officer Canizales denies Chief Knee was present during the arrest and states Chief Knee had no contact with Plaintiff. To the extent Chief Knee is being sued in his official capacity, he argues there is no evidence of a custom, practice or policy that was the moving force behind Plaintiff's alleged

constitutional violation.  Finally, Defendants maintain Plaintiff's claim of false imprisonment is barred under the doctrine of Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994).[1]

## II. ANALYSIS

A.     Entities Not Capable of Being Sued

The Austin Police Department is not a legal entity capable of being sued.  See, Guidry v. Jefferson County Detention Center, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the Jefferson County Detention Center is not a legal entity subject to suit); Darby v. Pasadena Police Dep't, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action).  Ordinarily, the Court would construe Plaintiff's claims as if they were brought against the City of Austin.  However, Plaintiff has named Chief of Police Stan Knee and Officer Canizales as defendants.  Plaintiff's claims against these defendants in their official capacities are the same as if they were brought against the City of Austin.

B     Standard of Review Under Fed. R. Civ. P. 56(c)

Defendants Knee and Canizales move for summary judgment.  A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996);  Int'l Shortstop, Inc. v. Rally Inc., 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059, 112 S. Ct. 936 (1992).  When a motion for summary judgment is made and supported, an adverse party may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial.  Ray v. Tandem Computers, Inc., 63 F.3d 429, 433 (5th Cir. 1995);  Fed. R. Civ. P. 56.

---

[1] Plaintiff has not raised a false imprisonment claim in this case.

3

Both movants and non-movants bear burdens of proof in the summary judgment process. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986). The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense. Id. at 322, 106 S. Ct. at 2552. In so doing, the moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses. Id. at 323-24, 106 S. Ct. at 2554. At that point, the burden shifts to the non-moving party to "produce evidence in support of its claims or affirmative defenses . . . designating specific facts showing that there is a genuine issue for trial." Id. at 324, 106 S. Ct. at 2553. The non-moving party must produce "specific facts" showing a genuine issue for trial, not mere general allegations. Fed. R. Civ. P. 56(e); Tubacex v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party. The Fifth Circuit has concluded "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." James v. Sadler, 909 F.2d 834, 837 (5th Cir. 1990) (citing Matsushita, 475 U.S. at 586, 106 S. Ct. 1356)). To the extent facts are undisputed, a Court may resolve the case as a matter of law. Blackwell v. Barton, 34 F.3d 298, 301 (5th Cir. 1994).

C.   Qualified Immunity

Defendants Knee and Canizales assert they are protected from Plaintiff's claims brought against them in their individual capacities by the doctrine of qualified immunity. The doctrine of qualified immunity affords protection against individual liability for civil damages to officials

4

"insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727 (1982). Immunity in this sense means immunity from suit, not merely from liability. Jackson v. City of Beaumont, 958 F.2d 616 (5th Cir. 1992). "Qualified immunity is designed to shield from civil liability all but the plainly incompetent or those who violate the law." Brady v. Fort Bend County, 58 F.3d 173, 174 (5th Cir. 1995). In general, "qualified immunity represents the norm." Id. With respect to a ruling on qualified immunity, the first question a court should address is "whether the plaintiff has alleged a violation of a clearly established constitutional right." Siegert v. Gilley, 500 U.S. 226, 231, 111 S. Ct. 1789 (1991); Hale v. Townley, 45 F.3d 914, 917 (5th Cir. 1995). If the Plaintiff has alleged a constitutional violation, the court must then determine whether the defendant's conduct was objectively reasonable under legal principles as they existed at the time of the defendant's acts or omissions. Hale, 45 F.3d at 917, citing Brewer v. Wilkinson, 3 F.3d 816, 820 (5th Cir. 1993), cert. denied, 510 U.S. 1123, 114 S. Ct. 1081 (1994); Spann v. Rainey, 987 F.2d 1110, 1114 (5th Cir. 1993).

Claims of qualified immunity require a two step analysis. As a threshold matter, the court must consider whether the facts alleged, taken in the light most favorable to the party asserting the injury, show that the official's conduct violated a constitutional right. Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156 (2001); Glenn v. City of Tyler, 242 F.3d 307, 312 (5th Cir. 2001). If the allegations do not establish the violation of a constitutional right, the official is entitled to qualified immunity. Saucier, 533 U.S. at 201, 121 S. Ct. at 2156. If the allegations could make out a constitutional violation, the court must ask whether the right was clearly established--that is, whether "it would be clear to a reasonable officer that his conduct was unlawful in the situation he

confronted." Id. at 202, 121 S. Ct. at 2156. If an official makes a reasonable mistake as to what the law requires, the officer is entitled to immunity. Id. at 205, 121 S. Ct. at 2158. With these principles in mind, the Court will address the issue of Defendants' qualified immunity.

  D. Chief Knee

The first issue the Court must address is whether Plaintiff has stated a claim under 42 U.S.C. § 1983. Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right 'secured by the Constitution and the laws.'" Baker v. McCollan, 443 U.S. 137, 140, 99 S. Ct. 2689, 2692 (1979); Green v. State Bar of Texas, 27 F.3d 1083, 1087 (5th Cir. 1994). "By its terms, of course, the statute creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere." Oklahoma City v. Tuttle, 471 U.S. 808, 816, 105 S. Ct. 2427, 2432 (1985) (citing Baker, 443 U.S. at 140, 144 n.3, 99 S. Ct. at 2692, 2694 n.3). Even after the plaintiff has established a deprivation of a constitutional right, he must still show that the defendant was the "person" who caused the plaintiff's deprivation. Id. at 817, 105 S. Ct. at 2433.

Defendant Knee asserts he had no involvement in Plaintiff's arrest or alleged injury. Plaintiff appears to be suing Chief Knee because of his supervisory capacity. However, supervisory officials cannot be held vicariously liable in § 1983 cases solely on the basis of their employer-employee relationship. Monell v. Department of Social Services, 436 U.S. 658, 693, 98 S. Ct. 2018, 2037

(1978); Lozano v. Smith, 718 F.2d 756, 768 (5th Cir. 1983). If a supervisor is not personally involved in the alleged constitutional deprivation, he may be held liable only if there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987). In order to demonstrate a causal connection, the supervisor would have to "implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Id. at 304. Plaintiff has failed to provide a basis for holding Defendant Knee liable in this case.

    E.    City of Austin

A political subdivision also cannot be held responsible for a deprivation of a constitutional right merely because it employs a tortfeasor; in other words, a local government unit cannot be held responsible for civil rights violations under the theory of respondeat superior. Johnson v. Moore, 958 F.2d 92, 94 (5th Cir. 1992). The standard for holding a local government unit responsible under § 1983 requires that there be a custom or policy that caused the plaintiff to be subjected to the deprivation of a constitutional right. Id; Collins v. City of Harker Heights, Tex., 916 F.2d 284, 286 (5th Cir. 1990), aff'd, 503 U.S. 115, 112 S. Ct. 1061 (1992). Thus, the City of Austin would violate an individual's rights only through implementation of a formally declared policy, such as direct orders or promulgations or through informal acceptance of a course of action by its employees based upon custom or usage. Bennett v. City of Slidell, 728 F.2d 762, 768 (5th Cir. 1984), cert. denied, 472 U.S. 1016, 105 S. Ct. 3476 (1985). A single decision made by an authorized governmental decisionmaker to implement a particular course of action represents an act of official government "policy." Pembaur v. Cincinnati, 475 U.S. 469, 481, 106 S. Ct. 1292, 1299 (1986). Plaintiff failed

to identify a policy, practice or custom of the City of Austin that caused a deprivation of his constitutional rights.

  F.  <u>Officer Canizales</u>

Plaintiff alleges Officer Canizales used excessive force against him during his arrest, causing an injury to his thumb. Claims of excessive force in the course of a seizure are analyzed under the Fourth Amendment. <u>Graham v. Connor</u>, 490 U.S. 386, 388, 109 S. Ct. 1865 (1989). "To succeed on an excessive force claim [under 42 U.S.C. § 1983], a plaintiff bears the burden of showing (1) an injury (2) which resulted directly and only from the use of force that was excessive to the need and (3) the force used was objectively unreasonable." <u>Glenn v. City of Tyler</u>, 242 F.3d 307, 314 (5th Cir. 2001) (internal quotation marks omitted).

Officer Canizales reports Plaintiff complained of a thumb injury prior to his handcuffing. Plaintiff does not deny he suffered from a pre-existing injury. Plaintiff also does not deny that he failed to inform Officer Canizales that he had caused Plaintiff pain at the time of his arrest. According to Plaintiff's medical records filed in Cause No. A-06-CV-130-SS, a companion case to the case at hand, Plaintiff did not seek medical attention for his thumb injury until October 29, 2005, almost two months after his arrest. (Def.'s Exhibit B-2 at 1810090). Plaintiff simply presents no summary judgment evidence to support his claim that his thumb was injured during his arrest and or that there was force used during the arrest that caused the injury. Accordingly, Defendant Canizales is entitled to qualified immunity protection.

### III. RECOMMENDATION

The undersigned recommends that the District Court **DISMISS WITHOUT PREJUDICE** Plaintiff's claims brought against the Austin Police Department pursuant to 28 U.S.C. § 1915(e),

**GRANT** Defendants' Motion for Summary Judgment and **DISMISS WITH PREJUDICE** Plaintiff's claims brought against Defendants Knee and Canizales.

### IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415, 1428-29 (5th Cir. *en banc*, 1996).

SIGNED this 21st day of July, 2006.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE